JUN JIE LU, Petitioner,

v.

Michael B. MUKASEY, U.S. Attorney General, Respondent.

No. 08–0439–ag.

United States Court of Appeals, Second Circuit.

Dec. 30, 2008.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Donald Paragon, New York, NY, for Petitioner.

Gregory Kastas, Acting Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; T. Bo Stanton, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Jun Jie Lu, a native and citizen of the People's Republic of China, seeks review of a December 31, 2007 order of the BIA affirming the January 27, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein denying petitioner's applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. *In re Jun Jie Lu,* No. A70 905 938 (B.I.A. Dec. 31, 2007), *aff'g* No. A70 905 938 (Immig. Ct. N.Y. City, Jan. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA expressly adopts the IJ's findings and reasoning, we

review the IJ's decision as if it were that of the BIA. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

■ We conclude that the IJ's adverse credibility determination was supported by substantial evidence. That determination was properly based on a demeanor finding that was tied to the record, internal inconsistencies in Lu's testimony, and discrepancies between his testimony and the documentary evidence in the record. The agency noted in particular that Lu's testimony was "peculiarly unresponsive and evasive," and that he "insisted on not responding to questions asked of him" instead following "his own script." We accord particular deference to such findings. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir.2008); *Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

The IJ also based his adverse credibility determination on the internal inconsistencies in Lu's testimony, as well as discrepancies between that testimony and the documentary evidence Lu submitted. The IJ noted in particular the discrepancies between Lu's asylum application, in which he stated that he had "exposed" himself to arrest, and affirmed that neither he nor any member of his family had been mistreated, arrested or detained by the Chinese authorities, and his testimony that he was arrested, detained, and tortured after participating in a student protest. In addition, the IJ noted that, at his hearing, Lu provided an internally inconsistent account of his arrest in Changle province for par-

ticipating in student protests. Finally, the IJ noted that Lu had failed to mention in his asylum application his father's alleged sterilization, or his family's other problems with the Chinese family planning authorities. The IJ properly relied on these discrepancies to make an adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir.2006). Moreover, while Lu attempts on appeal to provide "plausible" explanations for these inconsistencies, he has failed to demonstrate that a reasonable fact-finder would have been "compelled" to credit his testimony. *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Because the IJ properly found Lu not credible, Lu has failed to show the necessary subjective basis for a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(2)(I); *see also Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004). Thus, the agency's denial of asylum was proper.

■ Lu argues for the first time on appeal that the excessive delays in the handling of his asylum claim violated his due process rights. While this Court has noted that "the BIA does not have jurisdiction to adjudicate constitutional issues," *United States v. Gonzalez–Roque,* 301 F.3d 39, 47–48 (2d Cir.2002) (internal quotation marks omitted), the BIA can adjudicate underlying issues concerning fairness of process and statutory interpretation, *Theodoropoulos v. INS,* 358 F.3d 162, 172 (2d Cir.2004). So long as the BIA can provide the possibility of relief, the petitioner must exhaust the issue. *Id.* at 172–73; *cf. Booth v. Churner,* 532 U.S. 731, 736 & n. 4, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (suggesting, in § 1983 context, that a party cannot be required to exhaust procedure from which there is no possibility of relief). Here, Lu failed to exhaust his claim that the delay in processing his claim was excessive and prejudicial as required by 8

U.S.C. § 1252(d)(1). Accordingly, we decline to review this claim in the first instance. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir.2007); *Theodoropoulos,* 358 F.3d at 171–172.

Because Lu's claims for withholding of removal and CAT relief share the same factual predicate as his asylum claim, the adverse credibility determination as to his asylum claim necessarily precludes success on these claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (Withholding); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005) (CAT). Additionally, because Lu does not now challenge the agency's denial of his application for cancellation of removal, we deem that argument waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).